## NELL M. IRWIN, Plff.,
### *v.*
## MANUEL FERNANDEZ NATER, Dft.

---

San Juan, Law, No. 850.

ON APPLICATION FOR NEW TRIAL.

Court—Jury Duties.

1. The court will not interfere with questions relating to the weight of the evidence. That is a matter for the jury. Particularly is this so after two verdicts the same way.

Irwin v. Nater.

Tax Redemption—Porto Rican Political Code, §§ 348, 349.
 2. If the original owner deposits money for the redemption on taxes, and afterwards withdraws the amount from the registry, he waives all rights growing out of the deposit. He cannot have both land and redemption money.

Agency—Province of Jury.
 3. The extent of agency is to be inferred from the evidence, whether oral or written, and the court will not interfere with the conclusion of the jury so drawn.

Motion for New Trial—Defects not Alleged.
 4. The court will not consider grounds for a new trial not set up in the motion filed for that purpose.

Opinion filed May 27, 1914.

---

*Mr. E. B. Wilcox* for motion.

*Mr. O. M. Wood* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a suit for the recovery of land bought by the defendant at a tax sale, and which the plaintiff alleges to have been properly redeemed therefrom. There have been two trials and each time a verdict for the defendant. The application for a new trial sets up, on the one hand, that the verdict of the jury was contrary to the evidence, and on the other, that the court erred in certain instructions.

1. The court will not go into the matters alleged as to the weight of the evidence. The evidence was conflicting as to a number of points, and the court is not prepared to say that the jury erred as to its credibility and weight. It is not the duty

of the court to take the place of the jury, particularly where two trials have shown how the facts appear to the minds of juries. See Mendez v. North British Mercantile Ins. Co. 5 Porto Rico Fed. Rep. 332; Gonzalez v. San Juan Light & Transit Co. 5 Porto Rico Fed. Rep. 454; Elkins v. People, 5 Porto Rico Fed. Rep. 383.

2. The plaintiff strenuously contends that where the proper amount for redemption was deposited with the registrar under the Political Code, §§ 348, 349, the redemption follows *ipso facto* and revests the title in the original owner, and that consequently the fact that the money was withdrawn by the original owner afterwards would not make any difference. No authority is cited one way or the other on this proposition, but the court cannot permit the plaintiff to blow hot and cold. She cannot use her money to redeem, and then get her money back without changing the situation of the tax purchaser. She will have both her land and its redemption money, while the tax purchaser will have neither. This cannot be favored in any system of law. A payment, even more than a tender, must be kept alive, for it must be a finality.

3. It is alleged that the withdrawal of the money by plaintiff's agent was beyond the scope of his authority, and could not affect the plaintiff's rights already vested by his payment for her. The agency could be by parol. Black, Tax Titles, § 368. The extent of the authority of the agent in this case was shown not only by letters, but by depositions and other testimony, and was within the province of the jury. Even if the court should disagree with the jury, which is not the case, in construing this testimony, it would be a matter with which the court should not interfere. The verdict of the jury shows that

Irwin v. Nater.

they considered the agent as representing the plaintiff for all purposes, and that the plaintiff was bound by his actions and could not take advantage of his actions for one purpose and disavow them for another.

4. It is argued that the withdrawal of the money was at the instigation of the registrar and that the registrar was acting with prejudice, if not with fraud, and intended to defeat the redemption of the property. Black, Tax Titles, § 362. As to this it need only be observed that the motion for a new trial does not set up this ground, and even if it had done so this would be a matter within the province of the jury, and not of the court.

It follows that the motion must be refused, and it is so ordered.